UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KILOTON TACTICAL, LLC, et al.,**

    **Plaintiffs,**

v.                                                             CASE NO. 3:23-cv-23985-MCR-ZCB

**BUREAU OF ALCOHOL,
TOBACCO, FIREARMS AND
EXPLOSIVES, et al.,**

    **Defendants.**
_____/

### ORDER

Plaintiffs Kiloton Tactical, LLC ("Kiloton"), Eric Hanley, and Firearms for Liberty Coalition filed suit against Defendants United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), ATF Director Steven Dettelbach, and ATF Director of Industry Operations for the Tampa Field Division Aaron R. Gerber, seeking to enjoin them from implementing an administrative policy related to the Gun Control Act of 1968, codified at 18 U.S.C. § 921, *et seq.*, and to prevent the revocation of Kiloton's federal firearms license. Plaintiffs also filed a Motion for Preliminary Injunction. ECF No. 15. On

consideration, the Court finds that Plaintiffs have not shown an irreparable injury sufficient to support a preliminary injunction, and therefore the motion is denied.[1]

**I. Background**

Pursuant to the Gun Control Act of 1968 ("GCA"), firearm dealers are required to obtain and maintain a federal firearms license. 18 U.S.C. § 923(a) (providing that "[n]o person shall engage in the business of importing, manufacturing, or dealing in firearms . . . until he has filed an application . . . and received a license to do so"). The authority to administer and regulate federal firearms licenses pursuant to the GCA has long been delegated to the ATF. *See* 28 C.F.R. § 0.130(a). To ensure compliance, the ATF periodically inspects the inventory and records of federal firearms licensees and may revoke a license "after notice and opportunity for hearing" if it finds a willful violation of the GCA or its implementing regulations. 18 U.S.C. § 923(e). Anyone possessing a federal firearms license must maintain detailed records documenting compliance with the GCA. *See id.* § 923(g)(1)(A).

---

[1] The Court concludes that the Motion for Preliminary Injunction, ECF No. 15, can be decided based on the existing record. ECF No. 24 at 4 (noting that had the ATF's administrative hearing resulted in Kiloton's license revocation, the Court would have scheduled a hearing); *see, e.g., Morehouse Enters., LLC v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, No. 3:23-cv-129-PDW-ARS (D.N.D. Jan. 2, 2024) (denying a motion for preliminary injunction without holding a hearing involving similar facts); *Fla. v. Dep't of Health & Hum. Servs.*, No. 3:21-cv-02722-MCR-HTC (N.D. Fla. Nov. 20, 2021) (denying a motion for a temporary restraining order or preliminary injunction without holding a hearing).

In 2022, after the executive branch introduced its Comprehensive Strategy to Prevent and Respond to Gun Crime and Ensure Public Safety, the ATF adopted a "zero tolerance" approach to handling willful violations of federal gun-control regulation pursuant to an internal Administration Action Policy ("Policy").[2]  ECF Nos. 1-3 at 3, 1 at 14.  This Policy is at the heart of Plaintiffs' suit.

In 2016, Kiloton obtained a federal firearms license (Type 07 #1-59-131-07-3G-50159).  In July of 2023, after seeking to renew its license, Kiloton received a Notice to Deny Application for License ("Notice") from the ATF which identified several violations of the GCA.[3]  ECF No. 1-1.  Before revoking a federal firearms license, the ATF sends a notice to the licensee providing the grounds for revocation.  The notice triggers the licensee's right to request an administrative hearing.  18 U.S.C. § 923(f)(1).  In the event the ATF declines—after the hearing—to reverse its

---

[2]  The Policy directs the ATF to "revoke the licenses of dealers the first time that they violate federal law by willfully 1) transferring a firearm to a prohibited person, 2) failing to run a required background check, 3) falsifying records, such as a firearms transaction form, 4) failing to respond to an ATF tracing request, or 5) refusing to permit ATF to conduct an inspection in violation of the law."  *Fact Sheet: Biden-Harris Administration Announces Comprehensive Strategy to Prevent and Respond to Gun Crime and Ensure Public Safety*, THE WHITE HOUSE (June 23, 2021), https://perma.cc/ZFK7-8RRN; ECF Nos. 1-3, 29-1  (DOJ order "Federal Firearms Administrative Action Policy and Procedures").

[3]  More specifically, the four willful violation categories listed in Kiloton's Notice include: (1) failing to conduct appropriate background checks on firearm purchases; (2) failing to complete a Report of Multiple Sale or other Disposition of Pistols or Revolvers; (3) transferring to purchasers pistols and a "receiver" without adhering to the three-day waiting period, pursuant to Florida Statute §790.0655; and (4) making a false record entry of a background check approval number.  ECF No. 1-1, 15-1 at 8.

initial decision, the agency will issue a notice of revocation to the licensee, revoking the license, at which point the licensee has sixty days to file a petition with a United States District Court requesting *de novo* review of the revocation. *See id.* § 923(f)(3).

In this case, Kiloton requested an administrative hearing after receiving the ATF's Notice, but, before the hearing was conducted, the Plaintiffs filed this suit alleging that the Policy violates the Administrative Procedure Act, 5 U.S.C. § 702, and the Second Amendment.[4]  ECF No. 1.  The administrative hearing was subsequently conducted on November 8, 2023, and following the hearing, the ATF reversed its initial decision to revoke Kiloton's license and renewed the license. ECF No. 28.  Notwithstanding this development, Plaintiffs' Motion for Preliminary Injunction remains pending.

## II. Legal Standard

The decision to grant or deny a motion for preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  A district court may grant a preliminary injunction only if there is (1) a substantial likelihood of success on the merits; (2) the plaintiff will suffer irreparable injury absent an injunction; (3) the threatened injury to the plaintiff

---

[4] The crux of Plaintiffs' complaint is that the ATF has effectively instituted a policy of revoking federal firearms licenses for "inadvertent technical, recordkeeping, or paperwork errors." ECF No. 15-1 at 12.

outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest. *Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1307 (11th Cir. 2010); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). A plaintiff must "clearly established" that each of the four requirements is satisfied since a preliminary injunction is "an extraordinary and drastic remedy." *Id.* at 1176 (internal marks omitted). Thus, under Eleventh Circuit law, even if the plaintiff demonstrates a substantial likelihood of success on the merits, preliminary injunctive relief is improper "in the absence of a substantial likelihood of irreparable injury"—long considered "the sine qua non of injunctive relief." *Id.*

## III. Discussion

As a threshold matter, Plaintiffs' request for an injunction to stop the ATF from enforcing the Policy as to Kiloton's license will be denied as moot, given the ATF's reversal of its initial revocation determination and renewal of Kiloton's federal firearm license.[5] ECF No. 15-1 at 35; *see, e.g., Doe v. Gwinnett Cty. Sch.*

---

[5] In addition to the remedy being moot, Kiloton's injuries are not actual or imminent since the ATF renewed Kiloton's federal firearm license until July 2026. *See, e.g., Doe*, 2020 WL 9809987, at *5 n.14 (stating that a "court should not sustain the extraordinary remedy of an injunction when the party's prospective claim relates to past harm"). Future harm faced by Kiloton is merely speculative given the limitations on license inspections by the ATF; i.e. the ATF is permitted to "inspect or examine the inventory and records of a . . . licensed dealer without . . . reasonable cause or warrant . . . not more than once during any 12-month period." 18 U.S.C. § 923(g)(1)(B)(ii)(I); *Morehouse Enters., LLC v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, No. 3:23-cv-129-PDW-ARS, at *8 (D.N.D. Jan. 2, 2024) (finding that the "potential

*Dist.*, No. 1:18-CV-05278-SCJ, 2020 WL 9809987, at *5 n.14 (N.D. Ga. Nov. 2, 2020) (stating that a "court should not sustain the extraordinary remedy of an injunction when the party's prospective claim relates to past harm").

Regarding their facial challenge to the Policy (*see* ECF No. 15-1 at 10, 35), Plaintiffs argue that absent a preliminary injunction enjoining enforcement and implementation of the Policy, they "will suffer irreparable harm in a variety of specified ways:" (1) federal firearms licensees will lose business and ultimately be unable to manufacture or sell firearms; (2) there will be a diminished supply of firearms; and (3) there will be a loss of constitutional freedom because federal firearms licensees will be driven out of business and their customers will have to travel farther to exercise their Second Amendment rights. ECF No. 15-1 at 31-32.

The Plaintiffs have failed to adequately show that irreparable injury will occur in the absence of a preliminary injunction enjoining the ATF from implementing and enforcing the Policy.[6] *See Siegel*, 234 F.3d at 1176 ("[T]he absence of a substantial likelihood of irreparable injury would, *standing alone*, make preliminary injunctive relief improper.") (emphasis added). The Eleventh Circuit has "emphasized on

---

revocation is now resolved . . . [since] the ATF . . . reversed its initial revocation determination, and the ATF cannot inspect [the licensee's] premises for several months").

[6] Although Plaintiffs waited over two months to seek preliminary relief, this delay is not determinative since the Court credits their explanation that the delay arose from caution and a need to retain counsel. *See Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) ("A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm.").

Case 3:23-cv-23985-MCR-ZCB   Document 38   Filed 02/13/24   Page 7 of 8

Page 7 of 8

many occasions [that] the asserted irreparable injury [for a preliminary injunction] must be neither remote nor speculative, but actual and imminent." *Swain v. Junior*, 961 F.3d 1276, 1292 (11th Cir. 2020) (citation omitted). This is not the case here.

Aside from the general assertion that ATF's enforcement policy will cause the revocation of "many" firearms dealers' licenses, which in turn will impact their customers, Plaintiffs do not identify any other federal firearms licensee at risk of losing its license or identify any of its customers that will be hindered in acquiring firearms. ECF No. 1 at 83; *see, e.g., Seafoodlicious, Inc. v. United States*, No. CV419-116, 2023 WL 5672193, at *4 (S.D. Ga. Sept. 1, 2023) (noting that "speculative claims of business loss without support in the record are insufficient to establish irreparable harm"); *Morehouse Enters., LLC v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, No. 3:23-cv-129-PDW-ARS, at *8 (D.N.D. Jan. 2, 2024) (finding the "alleged irreparable harm is too speculative to warrant preliminary relief" since the plaintiffs only assert that "unnamed [federal firearms licensees] will be injured on an unknown date").

The Court is also not convinced—at this preliminary stage—by Plaintiffs' argument that irreparable harm is shown because the Policy infringes on the Second Amendment. *See Siegel*, 234 F.3d at 1177-78 (rejecting the argument "that a violation of constitutional rights always constitutes irreparable harm" and stating that "[t]he only areas of constitutional jurisprudence . . . that an on-going violation

may be presumed to cause irreparable injury involve the right of privacy and certain First Amendment claims"); *Morehouse Enters., LLC*, No. 3:23-cv-129-PDW-ARS, at *9 (finding that a "constitutional claim does not warrant an automatic finding of irreparable harm" since a "claim that individual gun owners will lose their ability to purchase firearms as [federal firearms licensees] go out of business relies on too many undeveloped assumptions at this early stage").[7]

Accordingly, Plaintiffs' Motion for a Preliminary Injunction, ECF No. 15, is **DENIED**.[8]  Defendants are directed to respond to the Complaint within 21 (twenty-one) days of this Order.

**DONE and ORDERED** on this 13th day of February 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[7] Because the Plaintiffs failed to demonstrate a showing of irreparable harm, the Court need not address the remaining requirements for a preliminary injunction. *See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (finding that the court "need not address each element because we conclude that no showing of irreparable injury was made.").

[8] While not argued by the parties at this stage in the litigation, the Court notes that "[w]hether Plaintiffs' claims should be dismissed for lack of standing under Rule 12(b)(1) is a separate question, not yet ripe." *Yelapi v. DeSantis*, 487 F.Supp.3d 1278, 1286 n.8 (N.D. Fla. 2020) ("[A]n inability to establish a substantial likelihood of standing requires denial of the motion for preliminary injunction, not dismissal of the case.  Whether a party's claim requires dismissal because of an inability to establish standing depends on the stage of the litigation." (citing *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015))).